UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON YAEGER, | ) | CIV. 08-4020-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| J.D. WHITEHEAD, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Jason Yaeger, a federal prisoner in Yankton, South Dakota, has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Docket 1. The government has responded to Yaeger's request (Docket 9) and has subsequently filed two motions to dismiss (Docket 13, 15). For the reasons stated below, Yaeger's petition is dismissed.

## FACTUAL BACKGROUND

Yaeger is a federal prisoner at the Federal Prison Camp in Yankton, South Dakota, serving a 66-month sentence for conspiracy to possess and distribute methamphetamine. Since he has been imprisoned, Yaeger's daughter was diagnosed with cerebral neuroblastoma, an aggressive form of cancer. Because of her illness, the BOP arranged four staff-escorted trips for Yaeger to see his daughter on October 10, 2007; February 19, 2008; February 29, 2008; and March 26, 2008. Prison staff also provided Yaeger with some unmonitored phone calls to his family regarding his daughter's

health status.

During the time of his daughter's illness, Yaeger sought an early BOP placement in a Residential Reentry Center (RRC), also known as a halfway house or a Community Corrections Center (CCC). In these requests, Yaeger argued that his daughter's illness provided the necessary "extraordinary circumstances" to justify such an early placement under relevant BOP policy. The BOP denied Yaeger's request. After he exhausted the three-step BOP administrative process, Yaeger brought this petition under 28 U.S.C. § 2241.

Yaeger's unit team submitted a recommendation that he be placed in an RRC for the final 150-180 days of his sentence. Docket 9, page 5. It appears that this recommendation was approved after Yaeger filed this habeas action. Additionally, in light of the recent changes to 18 U.S.C. § 3624(c) regarding prerelease custody, the government states that the BOP reevaluated Yaeger's situation and "made an individualized determination that the prior decision for six months in an RRC still was an appropriate placement decision based on BOP's evaluation of the five statutory factors and Yaeger's particular needs for reintegration into the community from prison life." Docket 15, page 1. If he earns all possible good conduct credits, Yaeger's projected release date is February 23, 2009. Therefore, it appears to this court that Yaeger is scheduled to begin his RRC placement in July or August of 2008.

**LEGAL BACKGROUND**

Before April 9, 2008, 18 U.S.C. § 3624(c) read:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

While the BOP has the discretion under 18 U.S.C. § 3621(b) to place an inmate in an RRC at any time during his sentence, the Eighth Circuit has held that § 3624(c) places a duty on the BOP to conduct an individual evaluation for each inmate toward the end of his sentence to determine the appropriateness of an RRC placement. Fults v. Sanders, 442 F.3d 1088, 1089-90 (8th Cir. 2006) (citing Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004)). In making any determination regarding RRC placement, the BOP must consider the five factors listed in 18 U.S.C. § 3621(b). Fults, 442 F.3d at 1092 (stating that § 3621(b) "requires that discretion be exercised on an individual basis" and holding that the BOP cannot categorically limit RRC confinement to six months for all inmates). In evaluating whether an inmate should be placed in an RRC for longer than the final six months of his sentence, BOP regulations state that it may authorize such an early RRC placement only if the inmate can demonstrate that extraordinary circumstances justify such a placement. See BOP Program Statement 7310.04, page 9 (stating that "[a]n inmate may be

referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification") (available at Docket 10-23); see also Miller v. Whitehead, ___ F.3d ___, 2008 WL 2220430, at *7-8 (8th Cir. May 30, 2008) (upholding "extraordinary justification" language in PS 7310.04).

In April of this year, Congress amended 18 U.S.C. § 3624(c) regarding RRC placements when it passed the Second Chance Act of 2007. This new act increased the length of prerelease placement from up to 6 months to 12 months. Pub. L. No. 110-199, 122 Stat. 657 (2008) (to be codified at 18 U.S.C. § 3624(c)). Outside of that small change, the substance of 18 U.S.C. § 3624(c) remained almost identical to the earlier version.

## DISCUSSION

This petition raises two questions for this court. First, was the BOP wrong in its refusal to provide an early RRC placement for Yaeger in light of his daughter's illness? Second, Yaeger contests whether the BOP acts outside of its statutory authority by requiring extraordinary justification before it authorizes RRC placement prior to the last six months of an inmate's sentence.

Regarding the first question, Yaeger brought this petition under 28 U.S.C. § 2241, seeking immediate placement in an RRC in light of the "extraordinary circumstances" of his daughter's illness. Docket 1. In his petition, he argues that the BOP was incorrect in determining that his

daughter's illness did not rise to the level of extraordinary circumstances to justify placement in an RRC before the final six months of his sentence.

In response, the government moved this court to dismiss as moot this portion of Yaeger's motion, in light of the death of Yaeger's daughter on March 28, 2008.  Docket 13.  As those extraordinary circumstances argued by Yaeger are now absent, states the government, the question of the BOP's factual determination regarding the absence of circumstances sufficiently extraordinary is therefore moot.

The court agrees.  Even if the court were to find that the BOP was wrong in determining that the health of Yaeger's daughter did not rise to the level of extraordinary justification, that question is now moot given her unfortunate death.  As a result, this portion of Yaeger's § 2241 petition is dismissed.

Regarding the second question, Yaeger raises a legal challenge to the BOP's policies, stating that "[t]he BOP's extraordinary justification requirements before transfer to a CCC earlier than 180 days adds an additional factor to 18 U.S.C. 3621(b), not intended by case precedent."  Docket 1, page 3.  This legal argument has recently been definitively foreclosed by the Eighth Circuit.[1]

---

[1] The court notes that the BOP is continuing to apply the bulk of PS 7310.04 to RRC placement decisions, including that portion dealing with extraordinary justification for early RRC placement.  See Docket 44-2.  The BOP has made some adjustments to PS 7310.04 to accommodate the new legislation; however, no such adjustments are relevant here.

> In <u>Miller v. Whitehead</u>, the Eighth Circuit stated:
>
> We disagree with the inmate's contention that the "extraordinary justification" requirement is a non-statutory "factor" that the BOP is prohibited from adding to the analysis under § 3621(b). The "extraordinary justification" requirement is not a factor at all. It is a standard for deciding whether to grant a request for extended placement in an RRC.

\_\_\_ F.3d \_\_\_, 2008 WL 2220430, at *8-9 (8th Cir. May 30, 2008). Evaluating the specific BOP policy to which Yaeger objects, the Eighth Circuit found that the extraordinary justification requirement is not inconsistent with § 3621(b), in that this provision does not "preclude the consideration of factors beyond those set forth in the statute." <u>Id.</u> at *9. Finally, such a requirement is not the type of categorical determination prohibited in <u>Fults</u> because "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement [in an RRC] would be justified." <u>Id.</u> In other words, the Eighth Circuit considered Yaeger's very complaint, ultimately validating the BOP's policy of requiring extraordinary justification for RRC placements longer than six months.

As Yaeger's factual argument is rendered moot by changed circumstances, and as Yaeger's legal argument has been foreclosed by Eighth Circuit case law, Yaeger's petition for writ of habeas corpus under 28 U.S.C. § 2241 must be dismissed in its entirety. Accordingly, it is hereby

ORDERED that respondent's motions to dismiss (Dockets 13 and 15) are GRANTED.

IT IS FURTHER ORDERED that Yaeger's Petition for Writ of Habeas Corpus (Docket 1) is DISMISSED.

Dated June 3, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE